IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLARENCE JAMAR GRAHAM,** : | CIVIL ACTION NO. 1:25-CV-2075 |
| : | |
| **Petitioner** : | **(Judge Neary)** |
| : | |
| v. : | |
| : | |
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **Respondent** : | |

### MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Clarence Jamar Graham, challenges the legality of a criminal conviction in the United States District Court for the Eastern District of North Carolina. The petition will be dismissed without prejudice for lack of subject matter jurisdiction.

**I.    Background**

Graham filed this case in the Eastern District of North Carolina through a document titled, "Motion for Lack of Subject Matter Jurisdiction / Motion to Vacate Under 2241." (Doc. 1). Graham alleges in the document that the trial court in his underlying criminal case lacked jurisdiction because there was no finding of probable cause supporting the warrant for his arrest. (Id.) The Eastern District of North Carolina construed this document as a petition for writ of habeas corpus and

transferred it to this district because Graham was confined in this district at the time he filed the petition. (Doc. 7).[1]

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III. Discussion

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). The United States Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e), often referred to as the saving clause, specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a

---

[1] Graham was subsequently transferred to a prison in New York, but this court retains jurisdiction over this case because petitioner was confined in this district at the time he filed his petition. Anariba v. Dir. Hudson Cnty. Corr. Ctr., 17 F.4th 434, 446 (3d Cir. 2021).

Section 2255 motion is "inadequate or ineffective." Id. at 120; 28 U.S.C. § 2255(e)). The Supreme Court has clarified that a Section 2241 habeas corpus petition may be filed to challenge a federal sentence "if—and only if" Section 2255 is inadequate or ineffective. Jones v. Hendrix, 599 U.S. 465, 471 (2023).

To demonstrate that a Section 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. *ex rel.* Miner, 290 F.3d 536, 538 (3d Cir. 2002). Significantly, Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Id. at 539. "It is the inefficacy of the [Section 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

Graham clearly challenges the legality of his conviction and sentence, and he has not shown—or even argued—that Section 2255 is inadequate or ineffective to adjudicate his claims. (See Doc. 1). Thus, his claims must be asserted in a motion

filed pursuant to Section 2255 in the sentencing court, and this court does not have jurisdiction to decide his petition.[2]

## IV. Conclusion

The petition for writ of habeas corpus is dismissed without prejudice for lack for lack of subject matter jurisdiction. An appropriate order shall issue.

/S/ KELI M. NEARY<br>
Keli M. Neary<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:    November 18, 2025

---

[2] It appears that petitioner may have meant his filing in this case as a motion under Section 2255 since the document is titled as a "motion," it was filed in his sentencing court, and he cites the docket number of his underlying criminal case. (Doc. 1). Nevertheless, the Eastern District of North Carolina's decision to transfer the case to this district is law of the case that this court may not revisit by transferring the case back to that district. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988); D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 111 (3d Cir. 2009).